**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MAXON HARVEY MORGAN, #23980-034**                                          **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO.  5:06cv45DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo City**                              **RESPONDENT**

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241.  The petitioner filed two responses [docs. 8, 14] to Court orders for more information.[1]  The Court has reviewed the entire record to reach the following conclusions.

Background

The petitioner was convicted of conspiracy to import more than 5 kilos of cocaine in the United States District Court for the Eastern District of Louisiana.  The petitioner pled not guilty to the charges, but was convicted and sentenced on September 30, 1994, to serve a term of 432 months in custody of the Bureau of Prisons, followed by 5 years supervised release.  The petitioner states that his conviction was affirmed by the United States Court of Appeals for the Fifth Circuit in December of 1995.

The petitioner states that his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, was denied in October or November of 1996 by the Eastern District of

---

[1]The petitioner's motion for an extension to time to file a response [doc. 10] is granted to the extent that the response [doc. 14] filed September 19, 2006, is deemed timely filed.

Louisiana.  This decision was affirmed by the Fifth Circuit in 1997.

The petitioner has asserted various challenges to his criminal indictment, trial and sentencing in this petition.  In addition, the petitioner has asserted several complaints regarding the conditions of his confinement.  Specifically, regarding the petitioner's confinement, he alleges that he has be denied access to the courts by the confiscation of his legal materials; that he has been subjected to retaliation and discrimination by prison officials; and that his placement in a special housing unit or segregation has violated his constitutional rights.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district Court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the Fifth Circuit has stated, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"  Id. (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)).  Furthermore, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997)(citations omitted).

It is clear that the petitioner's assertions regarding his indictment, trial and sentencing are actually challenges to the validity of his criminal conviction and sentence.  He is not challenging the execution of his sentence, i.e., the Bureau of Prisons has incorrectly calculated his 432 month sentence.  Instead the petitioner is challenging the validity of the sentence itself, i.e., the Court

violated his due process rights by convicting him based on an unconstitutional indictment, etc. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The constitutional issues presented by the petitioner that regard the actual validity of his conviction and sentence are the proper subject matter for a section 2255 motion. A section 2255 motion must be pursued in the inmate's sentencing court, which in this case is the United States District Court for the Eastern District of Louisiana. Id. at 451. As such, this Court lacks jurisdiction to entertain the section 2255 claims presented by the petitioner in this section 2241 petition.

However, "section 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called section 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).[2] The law is clear, "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The petitioner argues that since he has already filed a section 2255 motion that any additional attempts by him to proceed with a section 2255 motion would be deemed a successive petition. Hence, any subsequent section 2255 filings would be futile. The petitioner's assertion that section 2255 is an inadequate and ineffective remedy because his previous motion was denied, is not persuasive. The Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section]

---

[2] 28 U.S.C. § 2255: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*"

3

2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make section 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)). Accordingly, the petitioner has failed to carry his burden of demonstrating section 2255 as an inadequate and ineffective remedy in order to proceed with these claims in a section 2241 petition.

The petitioner's allegations regarding the confiscation of his legal materials, retaliation, discrimination and his custodial housing unit are clearly challenges to the petitioner's conditions of his confinement, not the fact or duration of his confinement.[3] As explained above, the proper subject matter for a habeas petition filed pursuant to section 2241 relates to the execution of a petitioner's sentence. "Simply stated, habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). Further, the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has invariably stated that habeas review is not an available remedy in this situation. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

---

[3] At the start of this case the petitioner was also pursuing these allegations in the form of a Bivens complaint in this Court. However, the petitioner voluntarily dismissed his Bivens case when he was unable to demonstrate the exhaustion of his administrative remedies. See Morgan v. Reece, et al., civil action no. 5:06cv27DCB-JCS (S.D. Miss. Jun. 8, 2006).

Conclusion

As stated above, the petitioner cannot proceed with this section 2241 petition for habeas corpus relief, attacking his conviction and sentence based on alleged errors that occurred by the sentencing court. The remedy pursuant to a section 2255 motion to vacate, set aside, or correct his sentence, is the proper forum to assert these allegations and the petitioner has failed to establish the inadequacy or ineffectiveness of section 2255 to address these issues.

Furthermore the petitioner's conditions of confinement allegations are not properly before this court in a petition for habeas relief. As such, this petition filed pursuant to section 2241 shall be dismissed as frivolous, without prejudice and to the extent that the petition can be construed as a section 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice. See Ojo v. Immigration and Naturalization Service,106 F.3d 680, 683 (5th Cir.1997).

All pending motions are hereby terminated.

SO ORDERED this the 30th day of October, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE